# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| COUNTY CONCRETE CORPORATION,<br><br>*Plaintiff,*<br><br>v.<br><br>GREENWICH INSURANCE COMPANY,<br><br>*Defendant.* | Civil Action No. |

___

**CIVIL ACTION COMPLAINT AND JURY DEMAND**
___

Bethany L. Barrese (NJ Bar No. 017622012)
blb@sdvlaw.com
SAXE DOERNBERGER & VITA, P.C.
35 Nutmeg Drive, Suite 140
Trumbull, Connecticut 06611
T:  (203) 287-2100
F:  (203) 287-8847

*Attorneys for Plaintiff*

Plaintiff County Concrete Corporation ("County Concrete") of Roxbury Township, New Jersey, complaining of Defendant Greenwich Insurance Company ("Greenwich"), states as follows:

## THE PARTIES

1. County Concrete is a New Jersey corporation with its corporate headquarters in Roxbury Township, in the County of Morris, State of New Jersey.

2. Defendant Greenwich is a Delaware corporation with a residence in Stamford, in the County of Fairfield, State of Connecticut.

3. Upon information and belief, there is complete diversity of citizenship of the parties.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the Plaintiff and the Defendant are citizens of different states, the amount in controversy exceeds $75,000, exclusive of interest and costs, and the matter presents a case of actual controversy between the parties.

5. Venue is appropriate in this juridical district pursuant to 28 U.S.C. § 1391(a) since a substantial part of the events of omissions giving rise to the claim occurred in this judicial district within the meaning of 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

6. County Concrete produces and delivers concrete of the type and specification requested by its customers.

7. On August 25, 2017, a scale used by County Concrete to measure the percentages of materials added to concrete batches experienced electromagnetic interference.

8. County Concrete was not aware of the interference at the time it occurred.

9. As a result of the interference, weight measurements were incorrect and insufficient concrete material was added to a batch of concrete, resulting in concrete that was not strong enough to meet certain customers' specifications.

10. On August 28, 2017, County Concrete delivered 77 cubic yards of the defective concrete to a residence hall construction project at Kean University (the "Kean Project").

11. Upon delivery, County Concrete's defective concrete was incorporated into the Kean Project's structural steel work by an entity other than County Concrete.

12. Also on August 28, 2017, County Concrete delivered 28 cubic yards of the defective concrete to pump station project in Montvale, New Jersey (the "Montvale Project").

13. Upon delivery, County Concrete's defective concrete was incorporated into the Montvale Project's structural steel work by an entity other than County Concrete.

14. County Concrete first discovered the deficiency in the concrete on the afternoon of August 28, 2017, after deliveries had already been completed to the Kean Project and Montvale Project.

15. Upon discovering the deficiency in the concrete, County Concrete notified both the Kean Project and Montvale Project.

16. By the time County Concrete notified the Kean Project and Montvale Project of the deficiency, the defective concrete had hardened enough that removal of the concrete while wet was no longer feasible.

17. The concrete hardened around the structural steel work, including rebar and forms, at the Kean Project and the Montvale Project, necessitating demolition, removal, and replacement work and causing project delays.

18. County Concrete is liable to the respective owners and/or general contractors for these costs and delays at the Kean Project and Montvale Project.

**The Policy**

19. County Concrete purchased a commercial general liability policy identifiable by policy number CGS740914404 from Greenwich for the policy period of October 1, 2016 to October 1, 2017 (the "Policy"). A copy of the Policy is attached hereto as Exhibit A.

20. The Policy lists County Concrete as the Named Insured and provides limits of

$1,000,000 per occurrence and $2,000,000 for the general aggregate.

21.     The base form of the Policy, identifiable as CG 00 01 04 13, contains the bodily injury and property damage liability insuring agreement, which provides, in pertinent part, that Greenwich "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies…. This insurance applies to 'bodily injury' and 'property damage' only if … [t]he 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place … during the policy period."

### The Claim

22.     County Concrete, through its broker, USI Insurance Services ("USI"), tendered a claim to Greenwich in January 2018 seeking coverage under the Policy for the costs associated with the Kean Project and Montvale Project (the "Claim").

23.     On July 24, 2018, Greenwich instructed USI to report the claim to Sedgwick Claims Management Services, Inc. ("Sedgwick").

24.     Acting on behalf of Greenwich, on August 23, 2018, Sedgwick informed USI via email that the Claim would not be covered. USI conveyed this information to County Concrete. A copy of the August 23, 2018 email is attached hereto as Exhibit B.

25.     In the August 23, 2018 email, Sedgwick cited exclusions j(5), j(6), m, and n, all found on 5 of 16 in the CG 00 01 04 13 base form of the Policy, as bases to not provide coverage for the Claim.

26.     Despite multiple letters setting forth County Concrete's coverage position why these exclusions do not apply, Greenwich failed to update its coverage position or even communicate with County Concrete to acknowledge County Concrete's position.

### FIRST COUNT
### BREACH OF CONTRACT: KEAN PROJECT

27.     County Concrete restates and reiterates each of the allegations contained in Paragraphs 1 through 26 as if fully stated herein.

28. The Policy is a contract between County Concrete and Greenwich.

29. County Concrete provided Greenwich adequate notice of the losses associated with the Kean Project.

30. Pursuant to the terms of the Policy, Greenwich owes a duty to County Concrete to provide coverage for those sums that the insured is obligated to pay because of "property damage" caused by an "occurrence."

31. The sums County Concrete was obligated to pay as a result of its delivery of defective concrete to the Kean Project constitutes damages because of "property damage" caused by an "occurrence."

32. By failing to provide the coverage owed under the Policy, Greenwich is in breach of contract.

## SECOND COUNT
## BREACH OF CONTRACT: MONTVALE PROJECT

33. County Concrete restates and reiterates each of the allegations contained in Paragraphs 1 through 26 as if fully stated herein.

34. The Policy is a contract between County Concrete and Greenwich.

35. County Concrete provided Greenwich adequate notice of the losses associated with the Montvale Project.

36. Pursuant to the terms of the Policy, Greenwich owes a duty to County Concrete to provide coverage for those sums that the insured is obligated to pay because of "property damage" caused by an "occurrence."

37. The sums County Concrete was obligated to pay as a result of its delivery of defective concrete to the Montvale Project constitutes damages because of "property damage" caused by an "occurrence."

38. By failing to provide the coverage owed under the Policy, Greenwich is in breach of contract.

## THIRD COUNT
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

39. Plaintiff restates and reiterates each of the allegations contained in Paragraphs 1 through 38 as if fully stated herein.

40. The Policy contains an implied covenant of good faith and fair dealing.

41. Greenwich breached the implied covenant of good faith and fair dealing in the following ways:

   i. Greenwich denied County Concrete of the benefits of the Policy without a reasonable basis to do so;

   ii. Greenwich knew or should have known that there was no reasonable basis to deny County Concrete of the benefits of the Policy because Greenwich was given adequate knowledge of the facts giving rise to County Concrete's claims for coverage arising out of the Kean Project and Montvale Project, which clearly establish a basis for coverage;

   iii. Greenwich willfully ignored the facts provided to it, failing to even acknowledge County Concrete's coverage position, despite numerous attempts by County Concrete to engage in good faith discussions; and

   iv. Greenwich failed to conduct any analysis of the facts of the claims arising out of the Kean Project and Montvale Project, and instead simply asserted that County Concrete was not entitled to coverage under the Policy.

42. As a result of Greenwich's reckless indifference to facts and evidence submitted by County Concrete, County Concrete has suffered damages.

## JURY DEMAND

The Plaintiff demands trial by a jury on all of the triable issues of this Complaint, pursuant to New Jersey Court Rule 1.8-2(b) and 4:35-1(a).

## PRAYER FOR RELIEF

Wherefore, County Concrete requests judgment against Greenwich for damages, together with attorneys' fees pursuant to New Jersey Court Rule 4:42-9(a)(6), costs of suit, punitive damages, and any other relief as the court may deem proper.

Dated: January 30, 2019                              Saxe Doernberger & Vita, P.C.

                                                     By: *Bethany Barrese*

                                                     Bethany L. Barrese
                                                     N.J. Bar No.: 017622012
                                                     Attorney for Plaintiff
                                                     Saxe Doernberger & Vita, P.C.
                                                     35 Nutmeg Drive, Ste 140
                                                     Trumbull, CT 06611
                                                     Tel.    203-287-2100
                                                     Fax.    203-287-8847
                                                     blb@sdvlaw.com

## **CERTIFICATION OF NO OTHER ACTIONS**

Pursuant to R. 4:5-1, I hereby certify that the dispute about which I am suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

## **DESIGNATION OF TRIAL COUNSEL**

Pursuant to R. 4:5-4, Plaintiff hereby designates Bethany L. Barrese of Saxe Doernberger & Vita, P.C. as trial counsel for this action.

Dated: January 30, 2019

Saxe Doernberger & Vita, P.C.

By: *Bethany Barrese*

Bethany L. Barrese
N.J. Bar No.: 017622012
Attorney for Plaintiff
Saxe Doernberger & Vita, P.C.
35 Nutmeg Drive, Ste 140
Trumbull, CT 06611
Tel.   203-287-2100
Fax.   203-287-8847
blb@sdvlaw.com